Sidney O. Sampson v. Commissioner.
Sampson v. Commissioner
Docket No. 1958-63.
United States Tax Court
T.C. Memo 1964-197; 1964 Tax Ct. Memo LEXIS 139; 23 T.C.M. (CCH) 1192; T.C.M. (RIA) 64197; July 20, 1964
*139 Sidney O. Sampson, pro se, 469 Park Avenue St., N. Y., N. Y. John B. Murray, Jr., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The petitioner, a layman acting as his own counsel, contends that the action of the Commissioner, in attempting to collect a tax on tips received by a waiter in a restaurant, is unconstitutional since the Congress has not included tips in taxable income. The facts have been presented by a stipulation which is adopted as the findings of fact. The petitioner and his wife filed joint cash basis income tax returns for 1959 and 1960 with the director of internal revenue for the Manhattan district of New York. The wife is not a party to this proceeding. The petitioner has been employed as a waiter at the Grand Central Terminal Restaurant since 1946. He worked at the lunch counter for an average of 40 hours per week on Wednesdays through Sundays. He received wages of $35 per week and tips from customers. He reported on his returns tips $600of for 1959 and $300 for 1960. He did not maintain any records pertaining to the tips he received. The Commissioner determined deficiencies in income tax against the petitioner and his *140 wife of $430.66 for 1959 and $557.50 for 1960 plus 5 percent additions to the tax for negligence. The additions are $21.53 for 1959 and $27.88 for 1960. The adjustments which he made in determining the deficiencies were the addition of $1,565.77 for 1959 and $2,434.47 for 1960 as tips received but not reported. The petitioner does not contest the amount of these additions. The only question raised by the petitioner here requires no discussion since it has already been decided against him. , affd. ; ; . Cf. . Those cases hold that tips are income, constitutionally subject to federal income tax. Apparently the petitioner does not contest the additions to tax for negligence but if he does the record in the case does not justify any reversal of the action of the Commissioner. Decision will be entered for the respondent.